UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. JACKSON,<br><br>               Plaintiff,<br><br>    v.<br><br>CITY OF TWIN FALLS, IDAHO; JUSTIN CYR, Police Officer for City of Twin Falls, Idaho; and TWIN FALLS COUNTY SHERIFF'S DEPARTMENT MEDICAL,<br><br>               Defendants. | Case No. 1:20-cv-00449-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Michael E. Jackson's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.**     **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or

malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**2.      Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). And, a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.[1]

**3.      Factual Allegations**

Plaintiff is an inmate in the custody of Twin Falls County, currently detained at the

---

[1] Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the Complaint found at Dkt. No. 1, not the affidavit or other documents attached to the Complaint. *See also* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b)-(c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

James R. Munn Criminal Justice Facility in Twin Falls, Idaho. Plaintiff asserts that Defendant police officer Justin Cyr defamed Plaintiff. Officer Cyr allegedly stated that he recognized Plaintiff "as a methamphetamine user." *Compl.*, Dkt. 1, at 2.

Plaintiff also claims that, since he has been detained, he has not been provided with adequate medical treatment. Plaintiff has a heart problem and a seizure disorder. *Id*. at 4. Plaintiff has requested that he be examined by "a doctor outside," but the request was denied. *Id*.

While detained, Plaintiff has received medication for seizures and high blood pressure, prescribed by unidentified medical staff at the jail. *Id*. at 5. Plaintiff complained to a medical provider that he was having a bad reaction to the medication. As a result of the severe side effects, Plaintiff stopped taking the medication. *Id*.

Plaintiff also asked for a chair for support while he took a shower. Evidently the chair was not provided. Plaintiff slipped and fell, suffering multiple injuries. As a result, Plaintiff was bedridden for five days on a thin mattress. His request for a thicker mattress was denied because he was only 67 years old, not 70. *Id*. at 4.

Finally, Plaintiff asserts that he was placed in Annex One, a housing unit where over half of the inmates have tested positive for the coronavirus. *Id*. at 6. Plaintiff has been tested more than once and has been negative. Plaintiff alleges that Defendants have subjected him to the possibility of contracting COVID-19 and that their deliberate disregard for his health "was shocking." *Id*.

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint

should take into consideration the following.

**4.     Discussion**

   *A.     Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Governmental officials and jail medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting

*Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his

subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

To bring a § 1983 claim against a local governmental entity, such as Twin Falls City or Twin Falls County, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against a municipality are the following: (1) the plaintiff was deprived of a constitutional right; (2) entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Further, a municipality or private entity performing a state function "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).[2]

---

[2] This requirement of a policy or custom amounting to deliberate indifference also applies if the defendant is a private entity performing a governmental function. *See also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to such private entities). Though it is likely that the private company providing medical care to inmates under contract with Twin Falls County is performing a government function, Plaintiff has not named that company as a Defendant.

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff cites the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. *Compl.* at 1. However, the allegations in the Complaint implicate only the Fourteenth Amendment and, potentially, the Eighth Amendment.

  i. <u>Defamation Claim under § 1983</u>

Defamation-type allegations cannot support a civil rights claim under § 1983. *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976); *Hollister v. Tuttle*, 210 F.3d 1033, 1036 (9th Cir. 2000). Therefore, Plaintiff's federal claim of defamation is implausible.

  ii. <u>Eighth or Fourteenth Amendment Claims of Unconstitutional Conditions of Confinement</u>

Because it appears that Plaintiff is a pretrial detainee, the Court considers Plaintiff's conditions-of-confinement claims under the Fourteenth Amendment's Due Process Clause.

If, however, Plaintiff is a convicted inmate, then these claims would be analyzed under the Eighth Amendment.[3] If Plaintiff files an amended complaint, he should clarify his status at the time his claims arose.

Conditions-of-confinement claims of pretrial detainees are analyzed using a standard of "objective deliberate indifference." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id*. (internal quotation marks and alteration omitted).

Although the Court uses an objective standard in evaluating conditions-of-confinement claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating claims of negligence under state law. This is because

---

[3] Pretrial detainees have a due process right to be free from conditions of confinement that amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, convicted inmates are not entitled to be free from punishment in all forms. Therefore, conditions of confinement violate the Eighth Amendment only if they constitute "cruel and unusual punishment," meaning that governmental officials have acted with deliberate indifference to a substantial risk of serious harm to an inmate. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

negligence—the "mere lack of due care" by a governmental official—"does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied sub nom. Los Angeles Cty. v. Castro*, 137 S. Ct. 831 (2017). Therefore, a pretrial detainee complaining of unconstitutional conditions must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

> a) *Claims of Inadequate Medical Treatment*

The Complaint does not plausibly allege that any Defendant has a custom or policy of denying inmates adequate medical treatment, or otherwise amounting to deliberate indifference to serious medical needs. That the medication Plaintiff was prescribed had side effects simply does not give rise to a reasonable inference that any medical provider or jail officer acted with reckless disregard for Plaintiff's health. Further, Plaintiff does not have a constitutional right to see an outside medical provider upon request. *See Roberts v. Spalding,* 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution.").

Finally, the failure to provide a chair in the shower, or a thicker mattress in Plaintiff's cell, does not state a plausible due process claim. These failures show, at most, that unidentified officers might have acted negligently in failing to recognize the need for a chair in the shower or for a thicker mattress, which is insufficient to state a claim of unconstitutional conditions of confinement. *See Daniels*, 474 U.S. at 332.

### b) Claims Regarding Risk of Exposure to COVID-19

Plaintiff's allegation that he was placed in a housing unit where other inmates are infected with the coronavirus is too vague and generalized to state a plausible due process claim. Defendants are testing Plaintiff, and presumably other inmates, regularly for the infection. The Complaint simply does not support a reasonable inference that any Defendant has a policy or custom that amounts to deliberate indifference to the risk of COVID-19. If Plaintiff intends to include this claim in an amended complaint, he must provide specific supporting facts.

### B. State Law Claims

In addition to § 1983 claims, Plaintiff asserts a state law claim of defamation against Defendant Cyr. *Compl.* at 7. Under Idaho law, a defamation claim against a non-public figure requires the plaintiff to show (1) that the defendant "communicated information concerning the plaintiff to others," (2) "that the information was defamatory," and (3) "that the plaintiff was damaged because of the communication." *Clark v. The Spokesman-Review*, 163 P.3d 216, 219 (Idaho 2007).

A defamatory statement is one that "tends to harm a person's reputation, usually by subjecting the person to public contempt, disgrace, or ridicule, or by adversely affecting the person's business." *Elliott v. Murdock*, 385 P.3d 459, 465 (Idaho 2016) (internal quotation marks and alterations omitted). Not all damaging communications constitute defamation. For example, "[s]tatements of opinion," as well as statements of fact "that cannot be proved false," are not defamatory. *Irish v. Hall*, 416 P.3d 975, 980 (Idaho 2018) (internal quotation marks omitted).

Plaintiff has not stated a plausible defamation claim under Idaho state law. The challenged statement—that Cyr believed he recognized Plaintiff as a meth user—is merely a statement of opinion. As such, the statement is not defamatory.

Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claim in any event. *See* 28 U.S.C. § 1367(c). If Plaintiff is allowed to proceed on a federal claim in an amended complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

5.   **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of

Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document

filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice.

2. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[4]

DATED: April 14, 2021

David C. Nye
Chief U.S. District Court Judge

---

[4] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).